David S. Kahn
Nevada Bar No. 007038
J. Scott Burris
Nevada Bar No. 010529
Juan P. Rodriguez
Nevada Bar No. 010733
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
300 South Fourth Street, 11th Floor
Las Vegas, NV  89101
(702) 727-1400; FAX (702) 727-1401
E-mail:David.Kahn@wilsonelser.com
       J.Scott.Burris@wilsonelser.com
       Juan.Rodriguez@wilsonelser.com

Stephen M. Gaffigan (Admitted *Pro Hac Vice*)
STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail:stephen@smgpa.net

*Attorneys for Plaintiff Chanel, Inc.*

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHANEL, INC., | Case No. 2:11-cv-01508-KJD-PAL |
| Plaintiff, | |
| v. | **STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION** |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" and DOES 1-1000, | |
| Defendants. | |

Plaintiff, Chanel, Inc. ("Chanel") and Ramona Jones d/b/a Diva Dolls Closet d/b/a Defendant 204 – divadollscloset.com (the "Defendant") stipulate and consent to the following:

**WHEREAS**, the Defendant adopted and began using trademarks in the United States which infringed Chanel's various registered trademarks: CHANEL, J12, ᶜʰᵃⁿᵉˡ®, ⓒ, 𝓒𝓒, 𝓒𝓒, 𝓒 (the

"Chanel Marks") as identified in Paragraph 13 of Chanel's Complaint;

**WHEREAS**, the Defendant's use of names and marks which allegedly incorporate one or more of the Chanel Marks is likely to cause confusion as to source or origin;

**WHEREAS**, the parties desire to settle and have amicably resolved their dispute to each of their satisfaction; and

**WHEREAS**, based upon Chanel's good faith prior use of the Chanel Marks, Chanel has superior and exclusive rights in and to the Chanel Marks in the United States and any confusingly similar names or marks.

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1. The Defendant and her respective officers, agents, owners, servants, employees and attorneys, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from:

    A. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the Chanel Marks individually or through any current or future website owned and/or operated by the Defendant, including, without limitation, divadollscloset.com; including using the Chanel name and/or trademarks in the meta data associated with any websites;

    B. using the Chanel Marks in connection with the sale of any unauthorized goods;

    C. using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

    D. falsely representing the Defendant as being connected with the Plaintiff, through sponsorship or association,

E. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Chanel, are in any way endorsed by, approved by, and/or associated with the Plaintiff;

F. using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendant, including, without limitation, handbags, wallets, shoes, boots, sunglasses, scarves, tee shirts, watches, and costume jewelry, including necklaces, bracelets, earrings, brooches, and rings;

G. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendant's goods as being those of the Plaintiff, or in any way endorsed by the Plaintiff;

H. offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff.

I. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Chanel Marks; and

J. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

2. Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof.  The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

3. The registrar and registry shall, to the extent that each are able, revert the domain

name - divadollscloset.com -back to its previous status or alternatively to a registrar of Defendant's choosing.

4.  The causes of action between Chanel and the Defendant are hereby dismissed without prejudice, subject to the terms of the Settlement Agreement between the parties.

5.  The parties' shall each bear their respective attorney's fees and costs incurred in connection with this action.

6.  This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment and the Settlement Agreement between the parties.

7.  All counterfeit Chanel branded products currently in the possession, custody and/or control of the Defendant shall be surrendered to Chanel, through its counsel, and shall be destroyed under the direction of Chanel.

SO ORDERED this __28__ day of __November__, 2011.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

All parties of record