David S. Kahn
Nevada Bar No. 007038
J. Scott Burris
Nevada Bar No. 010529
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
300 South Fourth Street, 11th Floor
Las Vegas, NV  89101
(702) 727-1400; FAX (702) 727-1401
E-mail:David.Kahn@wilsonelser.com
       J.Scott.Burris@wilsonelser.com
       Juan.Rodriguez@wilsonelser.com

Stephen M. Gaffigan (*Pro Hac Vice*)
STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail:stephen@smgpa.net

*Attorneys for Plaintiff, CHANEL, INC.*

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHANEL, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" and DOES 1-1000,<br><br>       Defendants. | Case No. 2:11-cv-01508-KJD-PAL<br><br>**ORDER GRANTING PLAINTIFF'S THIRD *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

THIS CAUSE is before the Court on Plaintiff's Third *Ex Parte* Application For Entry of a Temporary Restraining Order and Preliminary Injunction (the "Third Application for TRO"). Plaintiff, Chanel, Inc. ("Plaintiff" or "Chanel"), moves, on an *ex parte* basis, for entry of a temporary restraining order, and, upon expiration of the temporary restraining order, a preliminary injunction against Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440,

1

451, 529, 655, 690[1], and 708-773, the Partnerships and Unincorporated Associations identified on Schedule "A" attached hereto ("Defendants 708-773"), pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65 for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, and 1125(a) and (d).

For reasons set forth herein, Plaintiff's Third Application for TRO is GRANTED.

## I. Factual Background

The Court bases this Third Temporary Restraining Order on the following facts from Plaintiff's First Amended Complaint, Application for TRO, Third Application for TRO and supporting evidentiary submissions on file in this action.

Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. (First Amended Compl. ¶ 3.) Chanel operates boutiques throughout the world, including within this Judicial District. See id. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, a variety of high quality luxury goods. (Declaration of Adrienne Hahn Sisbarro in Support of Plaintiff's Third *Ex Parte* Application for TRO ["Hahn Third Decl."] ¶ 5.)

Chanel is, and at all times relevant hereto has been, the owner of all rights in and to the following trademarks:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| CHANEL | 0,612,169 | September 13, 1955 | IC 014 - Necklaces |

---

[1] Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, and 690, are already subject to Preliminary Injunctions entered in this matter (e-docket Nos. 22 and 55). However, they have recently begun operating websites promoting and selling goods bearing counterfeits of the Chanel Marks under the new domain names identified according to their Defendant number on Schedule "A" hereto.

| | | | |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | IC 018 – Women's Handbags |
| CHANEL | 0,902,190 | November 10, 1970 | IC 014 - Bracelets, Pins, and Earrings |
| CHANEL | 0,906,262 | January 19, 1971 | IC 025 - Coats, Suits, Blouses, and Scarves |
| CHANEL | 0,915,139 | June 15, 1971 | IC 025 - Women's Shoes |
| CHANEL | 0,955,074 | March 13, 1973 | IC 014 – Watches |
| ⓒⓒ | 1,241,264 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Tee-Shirts, Coats, Raincoats, Scarves, Shoes and Boots |
| CHANEL | 1,241,265 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Coats, Raincoats, Scarves, Shoes and Boots |
| ⓒⓒ | 1,271,876 | March 27, 1984 | IC 025 - Clothing-Namely, Coats, Dresses, Blouses, Raincoats, Suits, Skirts, Cardigans, Sweaters, Pants, Jackets, Blazers, and Shoes |
| ⓒⓒ | 1,314,511 | January 15, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| CHANEL ⓒ | 1,329,750 | April 9, 1985 | IC 025 - Blouses, Skirts, Sweaters, Cardigans, Dresses |
| CHANEL | 1,347,677 | July 9, 1985 | IC 018 - Leather Goods-namely, Handbags |
| ⓒⓒ | 1,501,898 | August 30, 1988 | IC 006 - Keychains |

3

[PROPOSED] ORDER GRANTING PLAINTIFF'S THIRD *EX PARTE* APPLICATION
FOR ENTRY OF TEMPORARY RESTRAINING ORDER

12.3\tro_

|  |  |  | IC 014 - Costume Jewelry |
|---|---|---|---|
|  |  |  | IC 016 - Gift Wrapping Paper |
|  |  |  | IC 025 - Blouses, Shoes, Belts, Scarves, Jackets, Men's Ties |
|  |  |  | IC 026 – Brooches and Buttons for Clothing |
| CHANEL | 1,510,757 | November 1, 1988 | IC 009 - Sunglasses |
| 𝒞𝒞 | 1,654,252 | August 20, 1991 | IC 009 - Sunglasses |
| CHANEL | 1,733,051 | November 17, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business and Credit Card Cases, Change Purses, Tote Bags, Cosmetic Bags Sold Empty, and Garment Bags for Travel |
| 𝒞𝒞 | 1,734,822 | November 24, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |
| J12 | 2,559,772 | April 9, 2002 | IC 014 - Timepieces; namely, Watches, and Parts Thereof |
| 𝒞𝒞 | 3,025,934 | December 13, 2005 | IC 018 – Handbags |
| 𝒞𝒞 | 3,025,936 | December 13, 2005 | IC 009 - Mobile Phone Straps, Eyeglass Frames, Sunglasses<br><br>IC 025 - Gloves, Swimwear<br><br>IC 026 - Hair Accessories Namely Barrettes And Pony-Tail Holders |

| CHANEL | 3,133,139 | August 22, 2006 | IC 014 - Jewelry And Watches |

(the "Chanel Marks") which are registered on the Principal Register of the United States Patent and Trademark Office and are used in connection with the manufacture and distribution of high quality goods in the categories identified above. (Declaration of Adrienne Hahn Sisbarro in Support of Plaintiff's *Ex Parte* Application for TRO (DE 7-14) ["Hahn Decl."]; see also United States Trademark Registrations of the Chanel Marks at issue ["Chanel Trademark Registrations"] attached as Exhibit A to the Hahn Decl. (DE 7-15)).

Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773, via the domain names identified on Schedule "A" hereto (the "Group IV Subject Domain Names"), have advertised, promoted, offered for sale, and/or sold, at least, handbags, wallets, shoes, boots, sunglasses, tee shirts, watches, and costume jewelry, including necklaces, bracelets, earrings, brooches, and rings bearing what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the Chanel Marks. Although each of the Defendants may not copy and infringe each Chanel Mark for each category of goods protected, Chanel has submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the Chanel Marks. (Hahn Third Decl. ¶¶ 11-15; Declaration of Malerie Maggio in Support of Plaintiff's Third *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction ["Maggio Decl."] ¶ 4.) Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773 are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, infringements, reproductions, and/or colorable imitations of the Chanel Marks. (Hahn Third Decl. ¶ 9.)

Plaintiff's counsel retained Malerie Maggio ("Maggio") of Investigative Consultants, a licensed private investigative firm, to investigate suspected sales of counterfeit Chanel branded products by Defendants 708-773. (Hahn Third Decl. ¶ 10; Maggio Decl. ¶ 3.) On December 9, 2011, Maggio accessed the Internet websites operating under the three of the domain names at issue in this action, bagsaleoutlet.com, ebagsale.net, jewelrysale2.org, placed orders for the purchase of various

5

Chanel branded products, including a handbag, a wallet and a necklace and requested each product purchased be shipped to her address in Las Vegas, Nevada. (Maggio Decl. ¶ 4 and Composite Exhibit A attached thereto.) Maggio's purchases[2] were processed entirely online, which included providing shipping and billing information, payment, and confirmation of her orders. (Maggio Decl. ¶ 4 and Composite Exhibit A attached thereto.)

Thereafter, a representative of Chanel, Adrienne Hahn Sisbarro, reviewed and visually inspected the web page listings, including images, for each of the Chanel branded goods purchased by Maggio and determined the items were non-genuine Chanel products. (Hahn Third Decl. ¶¶ 11-12, 15.) Additionally, Hahn reviewed and visually inspected the items bearing the Chanel Marks offered for sale via the Internet websites operating under the partnership and/or unincorporated association names identified on Schedule "A" hereto, the Group IV Subject Domain Names, and determined the products were non-genuine Chanel products. (Hahn Third Decl. ¶¶ 13-15 and Composite Exhibits A and B attached thereto.)

## II. Conclusions of Law

The declarations Plaintiff submitted in support of its Third Application for TRO support the following conclusions of law:

A. Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by the Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773's advertisement, promotion, sale, offer for sale, and/or distribution of handbags, wallets, shoes, boots, sunglasses, tee shirts, watches, and costume jewelry, including necklaces, bracelets, earrings, brooches, and rings bearing counterfeits, infringements, reproductions, and/or colorable imitations of the Chanel Marks, and that the products Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773 are selling and promoting are copies of Plaintiff's products that bear marks which are

---

[2] Investigator Maggio's purchase via ebagsale.net remained pending at the time Chanel filed its Application as she is awaiting payment instructions from the Defendant operating the associated website. (Maggio Decl. ¶ 4.)

substantially indistinguishable from and/or colorful imitations of the Chanel Marks on handbags, wallets, shoes, boots, sunglasses, tee shirts, watches, and costume jewelry, including necklaces, bracelets, earrings, brooches, and rings.

B. Because of the infringement of the Chanel Marks, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. It clearly appears from the following specific facts, as set forth in Plaintiff's First Amended Complaint, Plaintiff's Third Application for TRO, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers before Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773 can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

1. Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773 own or control Internet business operations which advertise, promote, offer for sale, and sell, at least, handbags, wallets, shoes, boots, sunglasses, tee shirts, watches, and costume jewelry, including necklaces, bracelets, earrings, brooches, and rings bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

2. There is good cause to believe that more counterfeit and infringing handbags, wallets, shoes, boots, sunglasses, tee shirts, watches, and costume jewelry, including necklaces, bracelets, earrings, brooches, and rings bearing Plaintiff's trademarks will appear in the marketplace; that consumers may be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products;

3. There is good cause to believe that if Plaintiff proceeds with normal advance notice to Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773 on this Third Application for TRO, Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773 can easily and quickly transfer the registrations for many of the Group IV Subject Domain Names, or modify registration data and content, change hosts, and redirect traffic to other websites, thereby thwarting Plaintiff's ability to obtain meaningful relief;

4.  The balance of potential harm to Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773 in restraining their trade in counterfeit and infringing branded goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation and goodwill as a manufacturer of high quality handbags, wallets, shoes, boots, sunglasses, tee shirts, watches, and costume jewelry, including necklaces, bracelets, earrings, brooches, and rings if such relief is not issued; and

5.  The public interest favors issuance of a temporary restraining order in order to protect Plaintiff's trademark interests and to protect the public from being defrauded by the palming off of counterfeit goods as genuine goods of the Plaintiff.

Upon review of Plaintiff's First Amended Complaint, Third Application for TRO, and supporting evidentiary submissions, it is hereby

ORDERED that Plaintiff's Third Application for TRO is GRANTED, according to the terms set forth below:

### THIRD TEMPORARY RESTRAINING ORDER

(1) Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773 having notice of this Third Temporary Restraining Order are hereby temporarily restrained:

(a) From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Chanel Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

(b) From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Chanel Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale,

distribution, or transfer of any products bearing the Chanel Marks, or any confusingly similar trademarks.

(2) Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773 having notice of this Third Temporary Restraining Order shall immediately discontinue the use of the Chanel Marks or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them including the Internet websites operating under the Group IV Subject Domain Names;

(3) Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773 having notice of this Third Temporary Restraining Order shall immediately discontinue the use of the Chanel Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773, including the Internet websites operating under the Group IV Subject Domain Names;

(4) Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773 shall not transfer ownership of the Group IV Subject Domain Names during the pendency of this Action, or until further Order of the Court;

[PROPOSED] ORDER GRANTING PLAINTIFF'S THIRD *EX PARTE* APPLICATION
FOR ENTRY OF TEMPORARY RESTRAINING ORDER

12.3\tro_

(5) The domain name Registrars for the Group IV Subject Domain Names are directed to transfer to Plaintiff's counsel, for deposit with this Court, domain name certificates for the Group IV Subject Domain Names;

(6) Upon entry of this Order, Plaintiff shall provide a copy of the Order by email to the registrar of record for each of the Group IV Subject Domain Names, so that the registrar of record of each of the Group IV Subject Domain Names may, in turn, notify each registrant of the Order and provide notice of the locking of the domain name to the registrant of record. After providing such notice to the registrars so the domain names may be locked, Plaintiff shall also provide notice and a copy of this Order to the registrant of each Group IV Subject Domain Name via email to the email address provided as part of the domain registration data for each of the Group IV Subject Domain Names identified in the Third Application for TRO. If an email address was not provided as part of the domain registration data for a Group IV Subject Domain Name, Plaintiff shall provide notice and a copy of this Order to the operators of the Internet websites via an email address and/or online submission forms provided on the Internet websites operating under such Group IV Subject Domain Names. After forty-eight (48) hours have elapsed after the emailing of this Order to the registrars of record and the registrants, Plaintiff shall provide a copy of this Order to the registries for the Group IV Subject Domain Names for the purposes described in Paragraph 7 *infra*.

(7) The top-level domain (TLD) Registries for the Group IV Subject Domain Names, within ten (10) business days of receipt of this Third Temporary Restraining Order shall change the registrar of record for the Group IV Subject Domain Names, excepting any such domain names which such Registries have been notified in writing by the Plaintiff have been or will be dismissed from this action, to the United States based Registrar, GoDaddy.com, Inc. As a matter of law, this Third Temporary restraining Order shall no longer apply to any Defendant or associated domain name dismissed from this action. Upon the change of the registrar of record for the Group IV Subject Domain Names to GoDaddy.com, Inc., GoDaddy.com, Inc. will maintain access to the Group IV Subject Domain Names in trust for the Court during the pendency of this action. Additionally, GoDaddy.com, Inc. shall immediately update the Domain Name System ("DNS") data it maintains

for the Group IV Subject Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where a copy of the Complaint, Summonses, First Amended Complaint, First, Second and Third Temporary Restraining Orders, and all other documents on file in this action are displayed. Alternatively, GoDaddy.com, Inc. may institute a domain name forwarding which will automatically redirect any visitor to the Group IV Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/sdv/index.html whereon copies of the Complaint, Summonses, First Amended Complaint, First, Second and Third Temporary Restraining Orders, and all other documents on file in this action are displayed. After GoDaddy.com, Inc. has effected this change the Group IV Subject Domain Names shall be placed on Lock status, preventing the modification or deletion of the domains by the registrar or the Defendants;

(8) Plaintiff may enter the Group IV Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773 which redirect traffic to the counterfeit operations to a new domain name and thereby evade the provisions of this Third Temporary Restraining Order;

(9) Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773 shall preserve copies of all their computer files relating to the use of any of the Group IV Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Group IV Subject Domain Names and that may have been deleted before the entry of this Third Temporary Restraining Order;

(10) This Third Temporary Restraining Order shall remain in effect until the date for the hearing on the Third Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties;

(11) This Third Temporary Restraining Order shall apply to the Group IV Subject Domain Names and any other domain names properly brought to the Court's attention and verified by sworn

11

affidavit which verifies such new domain names are being used by Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773 for the purpose of counterfeiting the Chanel Marks at issue in this action and/or unfairly competing with Chanel in connection with search engine results pages;

## BOND TO BE MAINTAINED

(12) Pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiff shall maintain its previously posted bond in the amount of Twenty Thousand Dollars and Zero Cents ($20,000.00), as payment of damages to which Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773 may be entitled for a wrongful injunction or restraint.

## THIRD PRELIMINARY INJUNCTION

(13) A hearing is set before this Court in the United States Courthouse located 333 S. Las Vegas Blvd, Las Vegas, Nevada 89101, Courtroom 6D, on December 28, 2011, ____, at 9 am, or at such other time that this Court deems appropriate, on Plaintiff's Third Motion for a Preliminary Injunction restraining Defendants 708-773, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants 708-773 from engaging in the activities that are subject of the above Third Temporary Restraining Order;

(14) Plaintiff shall serve copies of the First Amended Complaint, Third Application for TRO and this Third Temporary Restraining Order and all other pleadings and documents on file in this action on Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773 by email as described above and by posting copies of the Third Application for TRO and this Third Temporary Restraining Order on the website located at http://servingnotice.com/sdv/index.html within forty-eight (48) hours of control of the Group IV Subject Domain Names being changed to the Court via the GoDaddy.com, Inc. holding account, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants 37, 64, 101, 111, 133, 139, 149, 162, 248, 278, 348, 352, 433, 434, 436, 440, 451, 529, 655, 690, and 708-773 by regularly updating the website located at http://servingnotice.com/sdv/index.html or by

12

other means reasonably calculated to give notice which is permitted by the Court. Any response or opposition to Plaintiff's third Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel prior to the hearing set for December 28, 2011, and filed with the Court, along with Proof of Service, on December 21, 2011. Plaintiff shall file any Reply Memorandum on or before December 27, 2011. The above dates may be revised upon stipulation by all parties and approval of this Court. Defendants 708-773 are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d) and Fed. R. Civ. P. 65.

IT IS SO ORDERED.
DATED: 12/14/11

Kent J. Dawson
United States District Judge

13

## SCHEDULE A

## **DEFENDANTS BY GROUP IV SUBJECT DOMAIN NAMES AND DEFENDANT NUMBER**

| DOMAIN NAME | DEFENDANT # |
|---|---|
| chanelhandbags4u.com | 37 |
| rchep.net | 37 |
| chanel-gucci.com | 64 |
| btobuy.net | 101 |
| designerbagsonlineshop.com | 111 |
| buychanelshop.com | 133 |
| replicas-sunglasses.com | 139 |
| sacschanelpascher.com | 149 |
| sacschanelpaschers.com | 149 |
| chanelhandbagsforsale.net | 162 |
| chanelborseprezzi.org | 162 |
| sacchanel-pascher.org | 162 |
| sacpascherchanel.org | 162 |
| sacpascherchanel.com | 162 |
| chanelborse-prezzi.com | .162 |
| xabags.com | 248 |
| ladybagsonsale.com | 278 |
| shoesbar.net | 348 |
| sungbags.com | 352 |
| fashionchanelhdbags.com | 433 |
| chanelbagsforsale2.com | 434 |
| cocochanelhandbagsh.net | 436 |
| cheapchanelbags.net | 440 |
| chaneloutletofficial.com | 451 |
| bow-sunglasses.com | 529 |
| chaneljewerys.net | 655 |
| chanelbags-2011.com | 690 |
| 4ureplicahandbags.com | 708 |
| replica911.com | 709 |
| eta911.com | 710 |
| allpurse.com | 711 |
| angvall4rep.com | 712 |
| bagsaleoutlet.com | 713 |
| bagssonline.com | 714 |
| bagsvenus.com | 715 |
| beautifuljeansdiscountstore.com | 716 |
| beautifuljeansstoreoriginal.com | 717 |
| beautifuloriginaljeansstore.com | 718 |
| bestdiscountsportshoes.com | 719 |

14

[PROPOSED] ORDER GRANTING PLAINTIFF'S THIRD *EX PARTE* APPLICATION
FOR ENTRY OF TEMPORARY RESTRAINING ORDER

12.3\tro_

| | |
|---|---|
| bestjeansshop.com | 720 |
| boutiquesky.com | 721 |
| buychanelj12.com | 722 |
| chaloutlets.com | 723 |
| chanelbags7v.net | 724 |
| chanelbagsofficial.com | 725 |
| chanelclassicbags.com | 726 |
| chanelforsaleonline.com | 727 |
| chanelhandbagseu.com | 728 |
| chanelhandbagsforsale.us | 729 |
| chanelhandbagsoutlet.us | 730 |
| chanel-handbagss.com | 731 |
| chanelmallsale.com | 732 |
| chaneloutlet255.com | 733 |
| chaneloutlet6v.net | 734 |
| chaneloutletmallstore.com | 735 |
| charmhandbags.com | 736 |
| cheapbagsyard.com | 737 |
| cheapchanelbagsoutlet.org | 738 |
| cheapchanelhandbagss.com | 739 |
| cheapdesignerhandbag4u.com | 740 |
| cheapfrenchbags.com | 741 |
| chohun.com | 742 |
| chonsh.net | 743 |
| cnwholesaledesignerhandbags.com | 744 |
| coco-avant.com | 745 |
| cocobagshop.com | 746 |
| chanelbagsofficial.net | 747 |
| discountchanelhandbags.info | 748 |
| ebagsale.net | 749 |
| ebibiz.com | 750 |
| enalas.net | 751 |
| handbagsagency.com | 752 |
| ifashion-handbag.com | 753 |
| jeansshopdiscount.com | 754 |
| jewelrysale2.org | 755 |
| justhandbagshop.com | 756 |
| justlovewatch.com | 757 |
| louisvuittonoutletlondon.com | 758 |
| lv-chanel-store.info | 759 |
| mypurseshandbag.com | 760 |
| newbags2u.net | 761 |
| newchanelbags.org | 762 |
| newfstalk.com | 763 |
| newnikeshoponline.com | 764 |
| niccshoes.com | 765 |

| | |
|---|---|
| replicachanelbagonline.com | 766 |
| sunglassesonlinesale.info | 767 |
| taschezeit.com | 768 |
| thetotebag4u.com | 769 |
| totebagshop.net | 770 |
| elegantchanel.info | 771 |
| ukreplicahandbags.co.uk | 772 |
| chanel-outlets.us | 773 |