David S. Kahn
Nevada Bar No. 007038
J. Scott Burris
Nevada Bar No. 010529
Juan P. Rodriguez
Nevada Bar No. 010733
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
300 South Fourth Street, 11th Floor
Las Vegas, NV  89101
(702) 727-1400; FAX (702) 727-1401
E-mail: David.Kahn@wilsonelser.com
         J.Scott.Burris@wilsonelser.com
         Juan.Rodriguez@wilsonelser.com

Stephen M. Gaffigan (*Pro Hac Vice*)
STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: stephen@smgpa.net

*Attorneys for Plaintiff, CHANEL, INC.*

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHANEL, INC., <br><br> Plaintiff, <br><br> v. <br><br> EUKUK.COM, *et al.*, <br><br> Defendants. | Case No. 2:11-cv-01508-KJD-PAL <br><br> [PROPOSED] ORDER GRANTING PLAINTIFF'FOURTH APPLICATION FOR ENTRY OF PRELIMINARY INJUNCTION |

THIS CAUSE is before the Court on Plaintiff's Fourth Application for Entry of Preliminary Injunction (#90), (the "Application for Preliminary Injunction"), and upon the Preliminary Injunction Hearing held on February 14, 2012.  The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

1

By the instant Fourth Application for Preliminary Injunction (#90) Plaintiff Chanel, Inc. ("Chanel"), moves for entry of a preliminary injunction against Defendants, the Partnerships and Unincorporated Associations identified on Schedule "A" attached hereto ("Defendants 870-1016"), for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, and 1125(a) and (d).

The Court convened the hearing on February 14, 2012, at which only counsel for Plaintiff was present and available to present evidence supporting the Application for Preliminary Injunction. Defendants 870-1016 have not responded to the Application for Preliminary Injunction, made any filing in this case, nor have Defendants 870-1016 appeared in this matter either individually or through counsel. Because Plaintiff has satisfied the requirements for the issuance of a preliminary injunction, the Court will grant Plaintiff's Application for Preliminary Injunction.

## I.   Factual and Procedural Background

On February 1, 2012, the Court entered a temporary restraining order on the following facts from Plaintiff's Second Amended Complaint, *Ex Parte* Fourth Application for Entry of a Temporary Restraining Order and Preliminary Injunction, and supporting evidentiary submissions.

Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. (Second Amended Compl. ¶ 3.) Chanel operates boutiques throughout the world, including within this Judicial District. See id. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, a variety of high quality luxury goods. (Declaration of Adrienne Hahn Sisbarro in Support of Plaintiff's Fourth *Ex Parte* Application for TRO ["Hahn Fourth Decl."] ¶ 5.)

Chanel is, and at all times relevant hereto has been, the owner of all rights in and to the following trademarks:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| CHANEL | 0,612,169 | September 13, 1955 | IC 014 – Necklaces |

| | Mark | Registration No. | Registration Date | Classes / Goods |
|---|---|---|---|---|
| | CHANEL | 0,626,035 | May 1, 1956 | IC 018 – Women's Handbags |
| | CHANEL | 0,902,190 | November 10, 1970 | IC 014 - Bracelets, Pins, and Earrings |
| | CHANEL | 0,906,262 | January 19, 1971 | IC 025 - Coats, Suits, Blouses, and Scarves |
| | CHANEL | 0,915,139 | June 15, 1971 | IC 025 - Women's Shoes |
| | CHANEL | 0,955,074 | March 13, 1973 | IC 014 – Watches |
| | ⊕ | 1,241,264 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Tee-Shirts, Coats, Raincoats, Scarves, Shoes and Boots |
| | CHANEL | 1,241,265 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Coats, Raincoats, Scarves, Shoes and Boots |
| | ⊕ | 1,271,876 | March 27, 1984 | IC 025 - Clothing-Namely, Coats, Dresses, Blouses, Raincoats, Suits, Skirts, Cardigans, Sweaters, Pants, Jackets, Blazers, and Shoes |
| | ⊕ | 1,314,511 | January 15, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| | CHANEL ⊕ | 1,329,750 | April 9, 1985 | IC 025 - Blouses, Skirts, Sweaters, Cardigans, Dresses |
| | CHANEL | 1,347,677 | July 9, 1985 | IC 018 - Leather Goods-namely, Handbags |
| | ⊕ | 1,501,898 | August 30, 1988 | IC 006 - Keychains<br><br>IC 014 - Costume Jewelry |

[PROPOSED] ORDER GRANTING PLAINTIFF'S FOURTH APPLICATION
FOR ENTRY OF PRELIMINARY INJUNCTION

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| | | | IC 016 - Gift Wrapping Paper<br><br>IC 025 -Blouses, Shoes, Belts, Scarves, Jackets, Men's Ties<br><br>IC 026 – Brooches and Buttons for Clothing |
| CHANEL | 1,510,757 | November 1, 1988 | IC 009 - Sunglasses |
| ◯◯ | 1,654,252 | August 20, 1991 | IC 009 - Sunglasses |
| CHANEL | 1,733,051 | November 17, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business and Credit Card Cases, Change Purses, Tote Bags, Cosmetic Bags Sold Empty, and Garment Bags for Travel |
| ◯◯ | 1,734,822 | November 24, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |
| J12 | 2,559,772 | April 9, 2002 | IC 014 -Timepieces; namely, Watches, and Parts Thereof |
| ◯◯ | 3,025,934 | December 13, 2005 | IC 018 – Handbags |
| ◯◯ | 3,025,936 | December 13, 2005 | IC 009 -Mobile Phone Straps, Eyeglass Frames, Sunglasses<br><br>IC 025 - Gloves, Swimwear<br><br>IC 026 - Hair Accessories Namely Barrettes And Pony-Tail Holders |
| CHANEL | 3,133,139 | August 22, 2006 | IC 014 - Jewelry And Watches |

(the "Chanel Marks") which are registered on the Principal Register of the United States Patent and Trademark Office and are used in connection with the manufacture and distribution of high quality goods in the categories identified above. (Declaration of Adrienne Hahn Sisbarro in Support of Plaintiff's *Ex Parte* Application for TRO (DE 7-14) ["Hahn Decl."]; see also United States Trademark Registrations of the Chanel Marks at issue ["Chanel Trademark Registrations"] attached as Exhibit A to the Hahn Decl. (DE 7-15)).

Defendants 870-1016, via the domain names identified on Schedule "A" hereto (the "Group VI Subject Domain Names"), have advertised, promoted, offered for sale, and/or sold, at least, handbags, wallets, shoes, boots, sunglasses, scarves, watches, and costume jewelry, including necklaces, bracelets, and earrings bearing what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the Chanel Marks. Although each of Defendants 870-1016 may not copy and infringe each Chanel Mark for each category of goods protected, Chanel has submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the Chanel Marks. (Hahn Fourth Decl. ¶¶ 11-15; Declaration of Malerie Maggio in Support of Plaintiff's Fourth *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction ["Maggio Decl."] ¶ 4.) Defendants 870-1016 are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, infringements, reproductions, and/or colorable imitations of the Chanel Marks. (Hahn Fourth Decl. ¶ 9.)

Plaintiff's counsel again retained Malerie Maggio ("Maggio") of Investigative Consultants, a licensed private investigative firm, to investigate suspected sales of counterfeit Chanel branded products by Defendants 870-1016. (Hahn Fourth Decl. ¶ 10; Maggio Decl. ¶ 3.) On January 16, 2012, Maggio accessed the Internet websites operating under the three of the domain names at issue in this action, chanel-replicabags.net, chanelbagsforsaleonline.com, cheapchanelhandbags.net, finalized the purchases of three (3) products, including a wallet and two handbags, and requested each product purchased be shipped to her address in Las Vegas, Nevada. (Maggio Decl. ¶ 4 and Composite Exhibit A attached thereto.) Maggio's purchases were processed entirely online, which

included providing shipping and billing information, payment, and confirmation of her orders. (Maggio Decl. ¶ 4 and Composite Exhibit A attached thereto.)

Thereafter, a representative of Chanel, Adrienne Hahn Sisbarro, reviewed and visually inspected the web page listings, including images, for each of the Chanel branded goods purchased by Maggio and determined the items were non-genuine Chanel products. (Hahn Fourth Decl. ¶¶ 11-12, 15.) Additionally, Hahn reviewed and visually inspected the items bearing the Chanel Marks offered for sale via the Internet websites operating under the partnership and/or unincorporated association names identified on Schedule "A" hereto, the Group VI Subject Domain Names, and determined the products were non-genuine Chanel products. (Hahn Fourth Decl. ¶¶ 13-15 and Composite Exhibits A and B attached thereto.)

On January 24, 2012, Plaintiff filed its Notice of Identification of Defendants 870-1016, previously identified as Does 470-616 (#88). On January 27, 2012, Plaintiff filed its Motion for Leave to file its Second Amended Complaint (# 89) for trademark counterfeiting and infringement, false designation of origin, and cyberpiracy. On January 30, 2012, Plaintiff filed its Fourth *Ex Parte* Application for Entry of a Temporary Restraining Order and Preliminary Injunction (# 90). On January 30, 2012, the Court entered an Order granting Plaintiff's Motion for Leave to file its Second Amended Complaint (#91). On February 1, 2012, the Court issued an Order Granting Plaintiff's Fourth *Ex Parte* Application for a Temporary Restraining Order and temporarily restrained the Defendants from infringing the Chanel Marks at issue (#92). On February 5, 2012, the Clerk filed the Second Amended Complaint on the docket (#93). Pursuant to the Court's February 1, 2012 Order, Plaintiff provided Defendants 870-1016 with notice and copies of the Court's February 1, 2012 Order and Plaintiff's Fourth *Ex Parte* Application for Entry of a Temporary Restraining Order and Preliminary Injunction, via email to the email address(es) reflected in the domain registration data for the Group VI Subject Domain Names, via email to the email address(es) provided on the Internet websites operating under the Group VI Subject Domain Names, electronically via the

contact submission web page provided on the websites for the Group VI Subject Domain Names, and/or via email to the registrar of record for each of the Group VI Subject Domain Names.[1]

## II. Conclusions of Law

The declarations and supporting evidentiary submissions Plaintiff submitted in support of its Applications for Preliminary Injunction support the following conclusions of law:

A. Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by the Defendants 870-1016's advertisement, promotion, sale, offer for sale, and/or distribution of handbags, wallets, shoes, boots, sunglasses, scarves, tee shirts, watches, and costume jewelry, including necklaces, bracelets, earrings, brooches, and rings bearing counterfeits, infringements, reproductions, and/or colorable imitations of the Chanel Marks, and that the products the Defendants are selling are copies of Plaintiff's products that bear marks which are substantially indistinguishable from and/or colorful imitations of the Chanel Marks on handbags, wallets, shoes, boots, sunglasses, scarves, tee shirts, watches, and costume jewelry, including necklaces, bracelets, earrings, brooches, and rings.

B. Because of the infringement of the Chanel Marks, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction order is not granted. It clearly appears from the following specific facts, as set forth in Plaintiff's Second Amended Complaint, Plaintiff's Applications for Preliminary Injunction, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers because it is more likely true than not that:

1. Defendants 870-1016 own or control Internet business operations which advertise, promote, offer for sale, and sell, at least, handbags, wallets, shoes, boots, sunglasses, scarves, tee shirts, watches, and costume jewelry, including necklaces, bracelets, earrings, brooches, and rings bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

---

[1] As of the date of preliminary injunction hearing conducted on February 14, 2012, the redirection of the Subject Domain Names to the serving site, http://servingnotice.com/sdv/index.html, has not been finalized. Although Defendants 870-1016 have received notice of the Court's February 1, 2012 Order and the February 14, 2012 via the electronic notification methods authorized by the Court.

2. Plaintiff has well-founded fears that more counterfeit and infringing handbags, wallets, shoes, boots, sunglasses, scarves, tee shirts, watches, and costume jewelry, including necklaces, bracelets, earrings, brooches, and rings bearing Plaintiff's trademarks will appear in the marketplace; that consumers may be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products;

3. Plaintiff has well-founded fears that unless the injunction is granted, Defendants 870-1016 can easily and quickly transfer the registrations for many of the Group VI Subject Domain Names, or modify registration data and content, change hosts, and redirect traffic to other websites, thereby thwarting Plaintiff's ability to obtain meaningful relief;

4. The balance of potential harm to Defendants 870-1016 in restraining their trading in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation and goodwill as a manufacturer of high quality handbags, wallets, shoes, boots, sunglasses, scarves, tee shirts, watches, and costume jewelry, including necklaces, bracelets, earrings, brooches, and rings, if such relief is not issued; and

5. The public interest favors issuance of the preliminary injunction in order to protect Plaintiff's trademark interests and the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods.

Accordingly, after due consideration, it is

ORDERED AND ADJUDGED that Plaintiff's Application for Entry of a Preliminary Injunction (# 90) hereby is **GRANTED** as follows

(1) Defendants 870-1016, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants 870-1016 having notice of this Preliminary Injunction are hereby restrained and enjoined, pending termination of this action:

(a) From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Chanel Marks, or

any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

  (b)  From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Chanel Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Chanel Marks, or any confusingly similar trademarks.

  (2)  Defendants 870-1016, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with the Defendants having notice of this Preliminary Injunction shall, until the conclusion of this action, discontinue the use of the Chanel Marks or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them including the Internet websites operating under the Group VI Subject Domain Names;

  (3)  Defendants 870-1016, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with the Defendants 870-1016 having notice of this Preliminary Injunction shall, until the conclusion of this action, discontinue the use of the Chanel Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by the Defendants 870-1016, including the Internet websites operating under the Group VI Subject Domain Names;

  (4)  Defendants 870-1016 shall not transfer ownership of the Group VI Subject Domain Names during the pendency of this Action, or until further Order of the Court;

(5) The domain name Registrars for the Group VI Subject Domain Names are directed, to the extent it is not already done, to transfer to Plaintiff's counsel, for deposit with this Court, domain name certificates for the Group VI Subject Domain Names;

(6) Upon Plaintiff's request, the privacy protection services for any Group VI Subject Domain Names for which the Registrant uses such privacy protection service to conceal the Registrant's identity and contact information are ordered to disclose to Plaintiff the true identities and contact information of those Registrants;

(7) The Registrars and the top-level domain (TLD) Registries for the Group VI Subject Domain Names, upon receipt of this Preliminary Injunction shall, to the extent it is not already done, shall change or assist in changing, the Registrar of record for the Group VI Subject Domain Names, excepting any such domain names which such Registries have been notified in writing by the Plaintiff have been or will be dismissed from this action, to a holding account with the United States based Registrar, GoDaddy.com, Inc. As a matter of law, this Preliminary Injunction shall no longer apply to any Defendant or associated domain name dismissed from this action. GoDaddy.com, Inc. shall hold and/or continue to hold access to the Group VI Subject Domain Names in trust for the Court during the pendency of this action. Additionally, GoDaddy.com, Inc., upon receipt of this Order, shall, to the extent not already done, immediately update and/or not modify the Domain Name System ("DNS") data it maintains for the Group VI Subject Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, from NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which currently causes the domain names to resolve to the website where a copy of the Complaint, First Amended Complaint, Second Amended Complaint, Summonses, all Orders, and all other documents on file in this action are displayed. Alternatively, GoDaddy.com, Inc. may, to the extent not already done, institute and/or maintain a domain name forwarding which will automatically redirect any visitor to the Group VI Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/sdv/index.html whereon copies of the Complaint, First Amended Complaint, Second Amended Complaint, Summonses, Orders, and all other documents on file in this

[PROPOSED] ORDER GRANTING PLAINTIFF'S FOURTH APPLICATION
FOR ENTRY OF PRELIMINARY INJUNCTION

action are displayed. The Group VI Subject Domain Names shall be maintained on Lock status, preventing the modification or deletion of the domains by the registrar or the Defendants;

(8) Plaintiff may enter and/or continue to enter the Group VI Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendants 870-1016 which redirect traffic to the counterfeit operations to a new domain name and thereby evade the provisions of this Preliminary Injunction;

(9) Defendants 870-1016 shall preserve and/or continue to preserve copies of all their computer files relating to the use of any of the Group VI Subject Domain Names and shall continue to take all steps necessary to retrieve computer files relating to the use of any of the Group VI Subject Domain Names and that may have been deleted before the entry of this Preliminary Injunction;

(10) Plaintiff shall maintain its bond in the amount of Twenty-Thousand Dollars and Zero Cents ($20,000.00), as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court;

(11) This Preliminary Injunction shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated to by the parties;

(12) This Preliminary Injunction shall apply to the Group VI Subject Domain Names and any other domain names properly brought to the Court's attention and verified by sworn affidavit which verifies such new domain names are being used by Defendants 870-1016 for the purpose of counterfeiting the Chanel Marks at issue in this action and/or unfairly competing with Chanel in connection with search engine results pages.

IT IS SO ORDERED.

DATED: Feb 14, 2012

Kent J. Dawson
United States District Judge

## SCHEDULE A
## DEFENDANTS BY SUBJECT DOMAIN NAMES AND DEFENDANT NUMBER

| Domain Name | Defendant # |
|---|---|
| 2012bagtrends.com | 870 |
| 2012chanelbags.com | 871 |
| allchanelbags.com | 871 |
| allchanelbags.net | 871 |
| lovenewchanelbags.com | 871 |
| 2012chanelbags.net | 872 |
| 2012christian.com | 873 |
| 21floor.com | 874 |
| absoluxury.com | 874 |
| 3areplicabags.com | 875 |
| alljewelryshops.com | 876 |
| amazepurses.com | 877 |
| auchanelbags.com | 878 |
| officialchanelbagonline.com | 878 |
| authorizedchanlemall.com | 879 |
| bagwholesales.com | 880 |
| baychanel.com | 881 |
| bestchanelwatches.com | 882 |
| besthervelegerwholesale.com | 883 |
| bootsshoesonline11.info | 884 |
| clbgs.net | 884 |
| clhandbags.net | 884 |
| bosmantrade.com | 885 |
| brandsjewelry.org | 886 |

| | |
|---|---|
| buydiscounthandbags.org | 887 |
| buyfakeoakleysunglasses.com | 888 |
| cargotree.com | 889 |
| chanel360.com | 890 |
| chanel4outlet.com | 891 |
| chanelbagsaustralia.com | 891 |
| chanelbagscanada.com | 891 |
| replicachanelbagsonline.com | 891 |
| chanelbagcheap.com | 892 |
| chanelbagpurse.com | 892 |
| chaneljp.org | 892 |
| luxurywatchesshop.net | 892 |
| chanelbagforsales.com | 893 |
| chanelbagkindom.com | 894 |
| chanelbagonlineshop.net | 895 |
| chanelbagonlinestore.com | 896 |
| chanelbags.eu | 897 |
| chanelbags-82.com | 898 |
| chanelbags-malls.org | 898 |
| cocodechanel.net | 898 |
| cocodechanel.org | 898 |
| cocodochanel.com | 898 |
| fashionable-mall.org | 898 |
| chanelbagsforsaleonline.com | 899 |
| chanelbagshandbags.co.uk | 900 |
| chanelbagskindom.com | 901 |
| chanelonlinesshop.com | 901 |

[PROPOSED] ORDER GRANTING PLAINTIFF'S FOURTH APPLICATION
FOR ENTRY OF PRELIMINARY INJUNCTION

| Domain | Number |
|---|---|
| chanelsalehome.com | 901 |
| chanelsaleskyhouse.com | 901 |
| fashionchaneloutlet.com | 901 |
| fashionchanelsale.com | 901 |
| popularchanelhandbags.com | 901 |
| stylishchanelbagsoutlets.com | 901 |
| wonderfulchanelbags.com | 901 |
| wonderfulfashionchanel.com | 901 |
| chanelbagsoutletou.com | 902 |
| chanel-hangbags-store.com | 902 |
| chanel-store.net | 902 |
| chanelwallets.net | 902 |
| chanelbagsreplicas.com | 903 |
| chanelbagssale-cheap.com | 904 |
| chanelbagssales.com | 905 |
| officialchanelbagsstore.com | 905 |
| chanelbagsukstore.com | 906 |
| chanelbags-usa.com | 907 |
| chanel-bagtmall.com | 908 |
| chanelcclogoearrings.com | 909 |
| chanelcclogonecklace.com | 910 |
| chanelclassicbagaustralia.com | 911 |
| chanelclassicbagsstore.com | 912 |
| newchanelbag.com | 912 |
| chanelfakebags.com | 913 |
| chanelflatsonline.com | 914 |
| chanelhandbags.me.uk | 915 |

[PROPOSED] ORDER GRANTING PLAINTIFF'S FOURTH APPLICATION
FOR ENTRY OF PRELIMINARY INJUNCTION

| | |
|---|---|
| chanelhandbags2012.com | 916 |
| chanelhandbags7v.net | 917 |
| chanelhandbagscanada.com | 918 |
| chanelhandbagseu.net | 919 |
| chanelhandbagsforsale-us.com | 920 |
| chanelhandbagsoutlet2u.com | 921 |
| chanel-handbags-replica.com | 922 |
| chaneliswonderful.com | 923 |
| chaneljewelery2012.com | 924 |
| chaneljewelery2012.org | 924 |
| chaneljewelry2012.com | 924 |
| chanelonlines.net | 925 |
| chaneloutlet6s.com | 926 |
| chaneloutletcheap.com | 927 |
| chanel-outlet-shop.com | 928 |
| chaneloutlets-online.com | 929 |
| chanel-outlets-online.com | 930 |
| chaneloutletus2012.net | 931 |
| chaneloutletus2012.org | 931 |
| chanelpurseshome.com | 932 |
| chanel-replicabags.net | 933 |
| chanelreplicabags.org | 934 |
| chanelreplicasbags.com | 935 |
| chanelreplicastore.com | 936 |
| chanelsacpascher.com | 937 |
| chanelshoes2.org | 938 |
| girlshoez.com | 938 |

[PROPOSED] ORDER GRANTING PLAINTIFF'S FOURTH APPLICATION
FOR ENTRY OF PRELIMINARY INJUNCTION

| | |
|---|---|
| montres-pascheres.com | 938 |
| goods119.com | 939 |
| gosunglassessales.com | 940 |
| goyardbagss.com | 941 |
| greathandbag.com | 942 |
| hiswisswatch.com | 943 |
| italybagsonsale.com | 944 |
| jewellerycompany.org | 945 |
| jewelryoff.com | 946 |
| joyhandbags2012sale.com | 947 |
| kayjewelersonline.com | 948 |
| ladieshandbagheaven.com | 949 |
| louisvuittonsunglassesmen.com | 950 |
| sunglassonlinesale.com | 950 |
| lovefashionbags.com | 951 |
| lvbaghot.com | 952 |
| modischetasche.com | 953 |
| mycoolseller.com | 954 |
| nikecp999.com | 955 |
| onlinebrandsshop.com | 956 |
| pandoraoutletstores.com | 957 |
| qinqintrade.com | 958 |
| replicachanelbag.co.uk | 959 |
| replica-chanelbags.com | 960 |
| replicachanelmalls.org | 961 |
| replicachanel-ol.com | 962 |
| replicadesignerhandbag.org | 963 |

[PROPOSED] ORDER GRANTING PLAINTIFF'S FOURTH APPLICATION
FOR ENTRY OF PRELIMINARY INJUNCTION

| | |
|---|---|
| replicajuicybracelet.com | 964 |
| replicareplicas.com | 965 |
| replicaschanel.us | 966 |
| replicawatchok.com | 967 |
| ringsoutletonline.com | 968 |
| ruyitrade.com | 969 |
| sacschanelpaschere.com | 970 |
| salecheapbags.com | 971 |
| shoppingigo.com | 972 |
| showtimetrade.com | 973 |
| storeengagementrings.com | 974 |
| stylesofwatches.com | 975 |
| stylishreplicawatches.com | 976 |
| sunglassesvipshop.com | 977 |
| theapparelend.com | 978 |
| top2012handbagssales.com | 979 |
| topbrandclubs.net | 980 |
| topcheapcoachpurses.com | 981 |
| topexportcompany.com | 982 |
| typischetasche.com | 983 |
| cheapchanelbagsonline.com | 984 |
| ukchanelbagstore.com | 984 |
| chanelsunglassessale.org | 985 |
| chanelwalletsworld.com | 986 |
| chanelwatchesoutlet.info | 987 |
| chanelwatches-outlet-2012.info | 987 |
| chanelwatches-outlets.info | 987 |

17

[PROPOSED] ORDER GRANTING PLAINTIFF'S FOURTH APPLICATION
FOR ENTRY OF PRELIMINARY INJUNCTION

| | |
|---|---|
| cheapchanelbags2012.com | 988 |
| cheapchanelhandbags.net | 989 |
| cheapchanelhandbagss.net | 989 |
| cheapchaneloutlet.net | 990 |
| cheapchaneloutletsale.com | 991 |
| cheapdiscountbags.com | 992 |
| cheapglassframes.com | 993 |
| classicchanelbagsale.com | 994 |
| classicchaneloutlethome.com | 995 |
| classic-onlineshop.com | 996 |
| cncheapjewelry.com | 997 |
| cnwholesalestore.org | 998 |
| coachanelvhandbags.com | 999 |
| coco-bags.com | 1000 |
| cocochanelmalls.com | 1001 |
| cocochaneloutletsstore.com | 1002 |
| covechanelbags.com | 1003 |
| designerbagsforcheap.net | 1004 |
| discount-handbags-outlets.com | 1005 |
| echanelbag.com | 1006 |
| echeapdesignerhandbags.com | 1007 |
| eshowbag.com | 1008 |
| fakechanelbag.org | 1009 |
| fakechanelbags.co.uk | 1010 |
| fakechanelbagshandbags.com | 1011 |
| fakechanelhandbag.org | 1012 |
| fashionchaneloutlets.com | 1013 |

[PROPOSED] ORDER GRANTING PLAINTIFF'S FOURTH APPLICATION
FOR ENTRY OF PRELIMINARY INJUNCTION

| | |
|---|---|
| uniquechanelbags.com | 1014 |
| uschaneloutletbags.com | 1015 |
| watchesinus.com | 1016 |

[PROPOSED] ORDER GRANTING PLAINTIFF'S FOURTH APPLICATION
FOR ENTRY OF PRELIMINARY INJUNCTION