David S. Kahn
Nevada Bar No. 007038
J. Scott Burris
Nevada Bar No. 010529
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
300 South Fifth Street, 11th Floor
Las Vegas, NV 89101
(702) 727-1400; FAX (702) 727-1401
E-mail:David.Kahn@wilsonelser.com
         J.Scott.Burris@wilsonelser.com

Stephen M. Gaffigan (Admitted *Pro Hac Vice*)
STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail:stephen@smgpa.net

*Attorneys for Plaintiff, CHANEL, INC.*

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHANEL, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>EUKUK.COM, *et al.*,<br><br>        Defendants. | Case No. 2:11-cv-01508-KJD-PAL<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S FIFTH *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

THIS CAUSE is before the Court on Plaintiff's Fifth *Ex Parte* Application For Entry of a Temporary Restraining Order and Preliminary Injunction (the "Fifth Application for TRO"). Plaintiff, Chanel, Inc. ("Plaintiff" or "Chanel"), moves, on an *ex parte* basis, for entry of a temporary restraining order, and, upon expiration of the temporary restraining order, a preliminary injunction against Defendants 1017-1114, the Partnerships and Unincorporated Associations identified on Schedule "A" attached hereto ("Defendants 1017-1114"), pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65 for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, and 1125(a) and (d).

1

For reasons set forth herein, Plaintiff's Fifth Application for TRO is GRANTED.

## I. Factual Background

The Court bases this Fifth Temporary Restraining Order on the following facts from Plaintiff's Second Amended Complaint, Application for TRO, Fifth Application for TRO and supporting evidentiary submissions on file in this action.

Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. (Second Amended Compl. ¶ 3.) Chanel operates boutiques throughout the world, including within this Judicial District. See id. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, a variety of high quality luxury goods. (Declaration of Adrienne Hahn Sisbarro in Support of Plaintiff's Fifth *Ex Parte* Application for TRO ["Hahn Fifth Decl."] ¶ 5.)

Chanel is, and at all times relevant hereto has been, the owner of all rights in and to the following trademarks:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| CHANEL | 0,612,169 | September 13, 1955 | IC 014 - Necklaces |
| CHANEL | 0,626,035 | May 1, 1956 | IC 018 – Women's Handbags |
| CHANEL | 0,902,190 | November 10, 1970 | IC 014 - Bracelets, Pins, and Earrings |
| CHANEL | 0,915,139 | June 15, 1971 | IC 025 - Women's Shoes |
| CHANEL | 0,955,074 | March 13, 1973 | IC 014 – Watches |

[PROPOSED] ORDER GRANTING PLAINTIFF'S FIFTH *EX PARTE* APPLICATION
FOR ENTRY OF TEMPORARY RESTRAINING ORDER

301831.1

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| ⓒ | 1,241,264 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Tee-Shirts, Coats, Raincoats, Scarves, Shoes and Boots |
| CHANEL | 1,241,265 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Coats, Raincoats, Scarves, Shoes and Boots |
| ⓒ | 1,271,876 | March 27, 1984 | IC 025 - Clothing-Namely, Coats, Dresses, Blouses, Raincoats, Suits, Skirts, Cardigans, Sweaters, Pants, Jackets, Blazers, and Shoes |
| ⓒⓒ | 1,314,511 | January 15, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | IC 018 - Leather Goods-namely, Handbags |
| ⓒⓒ | 1,501,898 | August 30, 1988 | IC 006 – Keychains<br><br>IC 014 - Costume Jewelry<br><br>IC 016 - Gift Wrapping Paper<br><br>IC 025 -Blouses, Shoes, Belts, Scarves, Jackets, Men's Ties<br><br>IC 026 – Brooches and Buttons for Clothing |
| CHANEL | 1,510,757 | November 1, 1988 | IC 009 – Sunglasses |
| ⓒⓒ | 1,654,252 | August 20, 1991 | IC 009 – Sunglasses |
| CHANEL | 1,733,051 | November 17, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business and Credit Card Cases, Change Purses, Tote Bags, Cosmetic Bags Sold Empty, and Garment Bags for Travel |

3

[PROPOSED] ORDER GRANTING PLAINTIFF'S FIFTH *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER

301831.1

| | Mark | Registration No. | Registration Date | Goods |
|---|---|---|---|---|
| | ⚭ | 1,734,822 | November 24, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |
| | J12 | 2,559,772 | April 9, 2002 | IC 014 - Timepieces; namely, Watches, and Parts Thereof |
| | ⚭ | 3,025,934 | December 13, 2005 | IC 018 – Handbags |
| | ⚭ | 3,025,936 | December 13, 2005 | IC 009 - Mobile Phone Straps, Eyeglass Frames, Sunglasses<br><br>IC 025 - Gloves, Swimwear<br><br>IC 026 - Hair Accessories namely Barrettes and Pony-Tail Holders |
| | CHANEL | 3,133,139 | August 22, 2006 | IC 014 - Jewelry and Watches |

(the "Chanel Marks") which are registered on the Principal Register of the United States Patent and Trademark Office and are used in connection with the manufacture and distribution of high quality goods in the categories identified above. (Declaration of Adrienne Hahn Sisbarro in Support of Plaintiff's *Ex Parte* Application for TRO (DE 7-14) ["Hahn Decl."]; see also United States Trademark Registrations of the Chanel Marks at issue ["Chanel Trademark Registrations"] attached as Exhibit A to the Hahn Decl. (DE 7-15)).

Defendants 1017-1114, via the domain names identified on Schedule "A" hereto (the "Group VII Subject Domain Names"), have advertised, promoted, offered for sale, and/or sold, at least, handbags, wallets, shoes, boots, sunglasses, watches, costume jewelry, including necklaces, bracelets, earrings, brooches, and rings bearing what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the Chanel Marks. Although each of the Defendants may not copy and infringe each Chanel Mark for each category of goods protected, Chanel has submitted sufficient evidence showing each Defendant has infringed, at least, one or

more of the Chanel Marks. (Hahn Fifth Decl. ¶¶ 11-15; Declaration of Malerie Maggio in Support of Plaintiff's Fifth *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction ["Maggio Decl."] ¶ 4.) Defendants 1017-1114 are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, infringements, reproductions, and/or colorable imitations of the Chanel Marks. (Hahn Fifth Decl. ¶ 9.)

Plaintiff's counsel again retained Malerie Maggio ("Maggio") of Investigative Consultants, a licensed private investigative firm, to investigate suspected sales of counterfeit Chanel branded products by Defendants 1017-1114. (Hahn Fifth Decl. ¶ 10; Maggio Decl. ¶ 3.) On February 14, 2012, Maggio accessed the Internet websites operating under the three of the domain names at issue in this action, chaneljewelery.org, chanelsunglassonsale.com, chanelreplica.us, finalized the purchases of three (3) products, including a necklace, a pair of sunglasses, and a wallet, and requested each product purchased be shipped to her address in Las Vegas, Nevada. (Maggio Decl. ¶ 4 and Composite Exhibit A attached thereto.) Maggio's purchases were processed entirely online, which included providing shipping and billing information, payment, and confirmation of her orders. (Maggio Decl. ¶ 4 and Composite Exhibit A attached thereto.)

Thereafter, a representative of Chanel, Adrienne Hahn Sisbarro, reviewed and visually inspected the web page listings, including images, for each of the Chanel branded goods purchased by Maggio and determined the items were non-genuine Chanel products. (Hahn Fifth Decl. ¶¶ 11-12, 15.) Additionally, Hahn reviewed and visually inspected the items bearing the Chanel Marks offered for sale via the Internet websites operating under the partnership and/or unincorporated association names identified on Schedule "A" hereto, the Group VII Subject Domain Names, and determined the products were non-genuine Chanel products. (Hahn Fifth Decl. ¶¶ 13-15 and Composite Exhibits A and B attached thereto.)

///
///
///
///

5

## II. Conclusions of Law

The declarations Plaintiff submitted in support of its Fifth Application for TRO support the following conclusions of law:

A. Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by the Defendants 1017-1114's advertisement, promotion, sale, offer for sale, and/or distribution of handbags, wallets, shoes, boots, sunglasses, watches, costume jewelry, including necklaces, bracelets, earrings, brooches, and rings, bearing counterfeits, infringements, reproductions, and/or colorable imitations of the Chanel Marks, and that the products Defendants 1017-1114 are selling and promoting are copies of Plaintiff's products that bear marks which are substantially indistinguishable from and/or colorful imitations of the Chanel Marks on handbags, wallets, shoes, boots, sunglasses, watches, costume jewelry, including necklaces, bracelets, earrings, brooches, and rings.

B. Because of the infringement of the Chanel Marks, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. It clearly appears from the following specific facts, as set forth in Plaintiff's Second Amended Complaint, Plaintiff's Fifth Application for TRO, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers before Defendants 1017-1114 can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

1. Defendants 1017-1114 own or control Internet business operations which advertise, promote, offer for sale, and sell, at least, handbags, wallets, shoes, boots, sunglasses, watches, costume jewelry, including necklaces, bracelets, earrings, brooches, and rings bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

2. There is good cause to believe that more counterfeit and infringing handbags, wallets, shoes, boots, sunglasses, watches, costume jewelry, including necklaces, bracelets, earrings, brooches, and rings bearing Plaintiff's trademarks will appear in the marketplace; that consumers may be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products;

3. There is good cause to believe that if Plaintiff proceeds with normal advance notice to Defendants 1017-1114 on this Fifth Application for TRO, Defendants 1017-1114 can easily and quickly transfer the registrations for many of the Group VII Subject Domain Names, or modify registration data and content, change hosts, and redirect traffic to other websites, thereby thwarting Plaintiff's ability to obtain meaningful relief;

4. The balance of potential harm to Defendants 1017-1114 in restraining their trade in counterfeit and infringing branded goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation and goodwill as a manufacturer of high quality handbags, wallets, shoes, boots, sunglasses, watches, costume jewelry, including necklaces, bracelets, earrings, brooches, and rings if such relief is not issued; and

5. The public interest favors issuance of a temporary restraining order in order to protect Plaintiff's trademark interests and to protect the public from being defrauded by the palming off of counterfeit goods as genuine goods of the Plaintiff.

Upon review of Plaintiff's Second Amended Complaint, Fifth Application for TRO, and supporting evidentiary submissions, it is hereby

ORDERED that Plaintiff's Fifth Application for TRO is GRANTED, according to the terms set forth below:

### FIFTH TEMPORARY RESTRAINING ORDER

(1) Defendants 1017-1114, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants 1017-1114 having notice of this Fifth Temporary Restraining Order are hereby temporarily restrained:

(a) From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Chanel Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

(b) From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff,

bearing the Chanel Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Chanel Marks, or any confusingly similar trademarks.

(2) Defendants 1017-1114, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants 1017-1114 having notice of this Fifth Temporary Restraining Order shall immediately discontinue the use of the Chanel Marks or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them including the Internet websites operating under the Group VII Subject Domain Names;

(3) Defendants 1017-1114, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants 1017-1114 having notice of this Fifth Temporary Restraining Order shall immediately discontinue the use of the Chanel Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendants 1017-1114, including the Internet websites operating under the Group VII Subject Domain Names;

(4) Defendants 1017-1114 shall not transfer ownership of the Group VII Subject Domain Names during the pendency of this Action, or until further Order of the Court;

(5) The domain name Registrars for the Group VII Subject Domain Names are directed to transfer to Plaintiff's counsel, for deposit with this Court, domain name certificates for the Group VII Subject Domain Names;

(6) Upon Plaintiff's request, the privacy protection service for any Group VII Subject Domain Names for which the Registrant uses such privacy protection service to conceal the

Registrant's identity and contact information are ordered to disclose to Plaintiff the true identities and contact information of those Registrants;

(7) Upon entry of this Order, Plaintiff shall provide a copy of the Order by email to the registrar of record for each of the Group VII Subject Domain Names, so that the registrar of record of each of the Group VII Subject Domain Names may, in turn, notify each registrant of the Order and provide notice of the locking of the domain name to the registrant of record. After providing such notice to the registrars so the domain names may be locked, Plaintiff shall also provide notice and a copy of this Order to the registrant of each Group VII Subject Domain Name via email to the email address provided as part of the domain registration data for each of the Group VII Subject Domain Names identified in the Fifth Application for TRO. If an email address was not provided as part of the domain registration data for a Group VII Subject Domain Name, Plaintiff shall provide notice and a copy of this Order to the operators of the Internet websites via an email address and/or online submission forms provided on the Internet websites operating under such Group VII Subject Domain Names. After forty-eight (48) hours have elapsed after the emailing of this Order to the registrars of record and the registrants, Plaintiff shall provide a copy of this Order to the registries for the Group VII Subject Domain Names for the purposes described in Paragraph 8, *infra*.

(8) The Registrars and the top-level domain (TLD) Registries for the Group VII Subject Domain Names, within ten (10) business days of receipt of this Fifth Temporary Restraining Order, shall, change or assist in changing, the Registrar of record for the Group VII Subject Domain Names, excepting any such domain names which such Registries have been notified in writing by the Plaintiff have been or will be dismissed from this action, to a holding account the United States based Registrar, GoDaddy.com, Inc. As a matter of law, this Fifth Temporary Restraining Order shall no longer apply to any Defendant or associated domain name dismissed from this action. Upon the change of the Registrar of record for the Group VII Subject Domain Names to GoDaddy.com, Inc., GoDaddy.com, Inc. will maintain access to the Group VII Subject Domain Names in trust for the Court during the pendency of this action. Additionally, GoDaddy.com, Inc. shall immediately update the Domain Name System ("DNS") data it maintains for the Group VII Subject Domain

|   |   |
|---|---|
| 1 | Names, which link the domain names to the IP addresses where their associated websites are hosted, |
| 2 | to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names |
| 3 | to resolve to the website where copies of the Complaint, Summonses, First Amended Complaint, |
| 4 | Second Amended Complaint, First, Second, Third, Fourth, and Fifth Temporary Restraining Orders, |
| 5 | and all other documents on file in this action are displayed. Alternatively, GoDaddy.com, Inc. may |
| 6 | institute a domain name forwarding which will automatically redirect any visitor to the Group VII |
| 7 | Subject Domain Names to the following Uniform Resource Locator ("URL") |
| 8 | http://servingnotice.com/sdv/index.html whereon copies of the Complaint, Summonses, First |
| 9 | Amended Complaint, Second Amended Complaint, First, Second, Third, Fourth, and Fifth |
| 10 | Temporary Restraining Orders, and all other documents on file in this action are displayed. After |
| 11 | GoDaddy.com, Inc. has effected this change the Group VII Subject Domain Names shall be placed |
| 12 | on Lock status, preventing the modification or deletion of the domains by the Registrar or the |
| 13 | Defendants; |

(9) Plaintiff may enter the Group VII Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendants 1017-1114 which redirect traffic to the counterfeit operations to a new domain name and thereby evade the provisions of this Fifth Temporary Restraining Order;

(10) Defendants 1017-1114 shall preserve copies of all their computer files relating to the use of any of the Group VII Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Group VII Subject Domain Names and that may have been deleted before the entry of this Fifth Temporary Restraining Order;

(11) This Fifth Temporary Restraining Order shall remain in effect until the date for the hearing on the Fifth Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties;

(12) This Fifth Temporary Restraining Order shall apply to the Group VII Subject Domain Names and any other domain names properly brought to the Court's attention and verified by sworn affidavit which verifies such new domain names are being used by Defendants 1017-1114 for the

purpose of counterfeiting the Chanel Marks at issue in this action and/or unfairly competing with Chanel in connection with search engine results pages;

### BOND TO BE MAINTAINED

(13) Pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiff shall maintain its previously posted bond in the amount of Twenty Thousand Dollars and Zero Cents ($20,000.00), as payment of damages to which Defendants 1017-1114 may be entitled for a wrongful injunction or restraint.

### FIFTH PRELIMINARY INJUNCTION

(14) A hearing is set before this Court in the United States Courthouse located 333 S. Las Vegas Blvd, Las Vegas, Nevada 89101, Courtroom 6D, on March 7, 2012, at 9 a.m., or at such other time that this Court deems appropriate, on Plaintiff's Fifth Motion for a Preliminary Injunction restraining Defendants 1017-1114, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants 1017-1114 from engaging in the activities that are subject of the above Fifth Temporary Restraining Order;

(15) Plaintiff shall serve copies of the Second Amended Complaint, Fifth Application for TRO and this Fifth Temporary Restraining Order and all other pleadings and documents on file in this action on Defendants 1017-1114 by email as described above and by posting copies of the Fifth Application for TRO and this Fifth Temporary Restraining Order on the website located at http://servingnotice.com/sdv/index.html within forty-eight (48) hours of control of the Group VII Subject Domain Names being changed to the Court via the GoDaddy.com, Inc. holding account, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants 1017-1114 by regularly updating the website located at http://servingnotice.com/sdv/index.html or by other means reasonably calculated to give notice which is permitted by the Court. Any response or opposition to Plaintiff's Fifth Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel prior to the hearing set for March 7, 2012, and filed with the Court, along with Proof of Service, on March 2, 2012. Plaintiff shall file any Reply Memorandum on

11

or before _March 5_, 2012. The above dates may be revised upon stipulation by all parties and approval of this Court. Defendants 1017-1114 are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d) and Fed. R. Civ. P. 65.

IT IS SO ORDERED.

DATED: _February 24, 2012_

Kent J. Dawson
United States District Judge

12

[PROPOSED] ORDER GRANTING PLAINTIFF'S FIFTH *EX PARTE* APPLICATION
FOR ENTRY OF TEMPORARY RESTRAINING ORDER

301831.1

## SCHEDULE A

## DEFENDANTS BY GROUP VII SUBJECT DOMAIN NAMES AND DEFENDANT NUMBER

| Defendant # | Domain Name |
|---|---|
| Defendant 1017 | chanelbagsoutletou.net |
| Defendant 1017 | chanelbagshop.net |
| Defendant 1017 | chanelhandbagshop.net |
| Defendant 1017 | usachanelbags.com |
| Defendant 1018 | chaneljewelery.org |
| Defendant 1019 | chanelbags4uk.com |
| Defendant 1020 | chaneloutletofficial.net |
| Defendant 1020 | chaneloutletstores.net |
| Defendant 1021 | chanelbagstote.com |
| Defendant 1021 | bestbagsforyou.net |
| Defendant 1021 | coco-bags.net |
| Defendant 1021 | cocochanelonline.com |
| Defendant 1021 | officialchanelstore.com |
| Defendant 1021 | uchanelbags.com |
| Defendant 1021 | replicahandbagsonsale.com |
| Defendant 1022 | ok-replicak.com |
| Defendant 1023 | brandnamecommodity.com |
| Defendant 1024 | cclogochaneljewelry.com |
| Defendant 1025 | chanelccjewelryonsale.com |
| Defendant 1026 | chanelccjewelrystore.com |
| Defendant 1027 | chanelhairclipsonsale.com |
| Defendant 1028 | chanelnecklacecclogo.com |
| Defendant 1029 | chanelsunglassonsale.com |
| Defendant 1030 | designerchanelccearrings.com |
| Defendant 1031 | chanelbags6v.com |
| Defendant 1032 | chanelaustraliabags.com |
| Defendant 1033 | chanelonlinehandbagspursesoutlet.com |
| Defendant 1034 | chanelhandbagsoutlet.biz |
| Defendant 1035 | chaneloutlet-onlines.com |
| Defendant 1036 | chanelseo.com |
| Defendant 1037 | chanelsskyhouse.com |
| Defendant 1038 | cochaneloutletsstore.com |
| Defendant 1039 | stylishchanelbagoutlets.com |
| Defendant 1039 | baychaneloutlet.com |
| Defendant 1039 | chanelfashionlive.com |
| Defendant 1039 | chaneloutletcove.com |
| Defendant 1039 | onlinebestchanel.com |
| Defendant 1039 | onlinechanelbags.com |
| Defendant 1040 | chaneloutlet-stores.com |
| Defendant 1040 | chaneloutlets-stores.com |

13

[PROPOSED] ORDER GRANTING PLAINTIFF'S FIFTH *EX PARTE* APPLICATION
FOR ENTRY OF TEMPORARY RESTRAINING ORDER

301831.1

| | |
|---|---|
| Defendant 1041 | Chanelpurse-outlet.com |
| Defendant 1041 | chanelpurseoutlets.com |
| Defendant 1042 | bestdesignersneaker.com |
| Defendant 1043 | designerdiscountsalewell.com |
| Defendant 1044 | sneakerscheapest.com |
| Defendant 1045 | wholesale-cheapsjewelry.com |
| Defendant 1046 | chanelvhandbags.com |
| Defendant 1047 | radowatchhome.com |
| Defendant 1048 | hotcosmetic.com |
| Defendant 1049 | guccidglv.com |
| Defendant 1050 | myreplicawatches.net |
| Defendant 1051 | replicachanelwatches.org |
| Defendant 1052 | takeoffbags.com |
| Defendant 1053 | bestchanelhandbag.net |
| Defendant 1054 | toootrade.com |
| Defendant 1055 | econlinecheap.com |
| Defendant 1056 | beautifulgirlshoe.com |
| Defendant 1057 | chanlhandbagos.com |
| Defendant 1058 | chanelclassicbagsstore.net |
| Defendant 1059 | 2012-chanelbags.net |
| Defendant 1059 | 2012newchanelbags.com |
| Defendant 1059 | 2012-chanelbags.com |
| Defendant 1060 | chanelbagsukstore.net |
| Defendant 1061 | chanelblackbags.com |
| Defendant 1062 | classicchanelflapbag.net |
| Defendant 1063 | mixfinery.com |
| Defendant 1064 | datoutu.com |
| Defendant 1065 | hotbrands4u.com |
| Defendant 1066 | lovingsigil.com |
| Defendant 1067 | mixjewelry.com |
| Defendant 1068 | bagtop3.com |
| Defendant 1069 | chanelbags-sunglasses.com |
| Defendant 1070 | chanelclearancesale.com |
| Defendant 1071 | chanel-onlinesshopping.com |
| Defendant 1072 | chanel-outletstore.com |
| Defendant 1073 | chanelspace.com |
| Defendant 1074 | miniads.biz |
| Defendant 1074 | cheapbagsdepot.com |
| Defendant 1075 | cheapbagsell.com |
| Defendant 1076 | cheapbagsoultet.com |
| Defendant 1077 | cheapbrand88.com |
| Defendant 1078 | cheapdesignerweb.com |
| Defendant 1079 | cheapjerseys-handbags.us |
| Defendant 1080 | cheapjewelrystores.org |
| Defendant 1081 | cheapluxurystore.com |
| Defendant 1082 | chinaonlinesale.com |

14

[PROPOSED] ORDER GRANTING PLAINTIFF'S FIFTH *EX PARTE* APPLICATION
FOR ENTRY OF TEMPORARY RESTRAINING ORDER

301831.1

| Defendant 1083 | cocochanelbags.us |
| --- | --- |
| Defendant 1084 | designerhandbag-herve-leger.com |
| Defendant 1085 | discounthandbagswatches.com |
| Defendant 1086 | durham-ems.com |
| Defendant 1087 | everyjewelery.com |
| Defendant 1088 | fadbase.com |
| Defendant 1089 | fragrancechanel.com |
| Defendant 1090 | mynewerahats.com |
| Defendant 1091 | newbagoutlet.net |
| Defendant 1092 | nicshoe.com |
| Defendant 1093 | online-cheap-handbags.com |
| Defendant 1094 | popham08.com |
| Defendant 1095 | replica1854.com |
| Defendant 1096 | replicadesigner-handbags.net |
| Defendant 1097 | saleshoescheap.com |
| Defendant 1098 | topclassyhandbag.com |
| Defendant 1099 | topdolcegabbanas.com |
| Defendant 1100 | usachristianlouboutinoutlet.com |
| Defendant 1101 | wholesalekfc.com |
| Defendant 1102 | cheapreplicahandbagss.com |
| Defendant 1103 | designerbagsmallhome8.com |
| Defendant 1104 | chanelreplica.us |
| Defendant 1104 | chanelbagsshop.com |
| Defendant 1104 | chanelhandbagscn.com |
| Defendant 1105 | buyreplica.us |
| Defendant 1106 | chanelbags-onlineshop.com |
| Defendant 1107 | clothingtomall.com |
| Defendant 1108 | chanelshoesonline.com |
| Defendant 1109 | chaneloutlet-bags.net |
| Defendant 1110 | watches-sales-online.com |
| Defendant 1111 | outletjc.com |
| Defendant 1112 | wholeser.com |
| Defendant 1113 | replicachanelhandbags.net |
| Defendant 1114 | chaneloutlet4u.com |

15

[PROPOSED] ORDER GRANTING PLAINTIFF'S FIFTH *EX PARTE* APPLICATION
FOR ENTRY OF TEMPORARY RESTRAINING ORDER

301831.1