David S. Kahn
Nevada Bar No. 007038
J. Scott Burris
Nevada Bar No. 010529
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
300 South Fourth Street, 11th Floor
Las Vegas, NV  89101
(702) 727-1400; FAX (702) 727-1401
E-mail:David.Kahn@wilsonelser.com
         J.Scott.Burris@wilsonelser.com

Stephen M. Gaffigan (Admitted *Pro Hac Vice*)
STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail:stephen@smgpa.net

*Attorneys for Plaintiff*, CHANEL, INC.

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHANEL, INC., ) | Case No. 2:11-cv-01508-APG-PAL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| EUKUK.COM, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**FINAL DEFAULT JUDGMENT AND
PERMANENT INJUNCTION
AGAINST DEFENDANTS IDENTIFIED ON SCHEDULE "A"**

THIS MATTER having come before the Court upon motion by Plaintiff, CHANEL, INC. ("Chanel" or "Plaintiff") for entry of final default judgment of its claims against the Partnerships and Unincorporated Associations (collectively, the "Defendants") operating under the domain names (the "Subject Domain Names") identified on the attached Schedule A pursuant to Rule 55(b)(2) of

the Federal Rules of Civil Procedure and entry of a permanent injunction; and the Court having considered the moving papers and there being no opposition thereto, and upon the following entries of Default by the Clerk on April 24, 2013 (e-docket 167) and May 13, 2013 (e-docket 173);

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Final Default Judgment and Permanent Injunction is GRANTED, and judgment is hereby entered in favor of Plaintiff, CHANEL, INC., a New York corporation, with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019, and against Defendants on all Counts of the Third Amended Complaint as follows:

(1)   Permanent Injunctive Relief:

The Defendants identified on Schedule "A" and their officers, agents, servants, employees, and attorneys, and all persons acting in concert and participation with the Defendants identified on Schedule "A" are hereby permanently restrained and enjoined from:

(a) manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods using the trademarks identified below:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| CHANEL | 0,612,169 | September 13, 1955 | IC 014 - Necklaces |
| CHANEL | 0,626,035 | May 1, 1956 | IC 018 – Women's Handbags |
| CHANEL | 0,902,190 | November 10, 1970 | IC 014 - Bracelets, Pins, and Earrings |
| CHANEL | 0,906,262 | January 19, 1971 | IC 025 - Coats, Suits, Blouses, and Scarves |

| Mark | Reg. No. | Reg. Date | Class/Goods |
|---|---|---|---|
| CHANEL | 0,915,139 | June 15, 1971 | IC 025 - Women's Shoes |
| CHANEL | 0,955,074 | March 13, 1973 | IC 014 – Watches |
| (CC logo) | 1,241,264 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Tee-Shirts, Coats, Raincoats, Scarves, Shoes and Boots |
| CHANEL | 1,241,265 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Coats, Raincoats, Scarves, Shoes and Boots |
| (CC logo) | 1,271,876 | March 27, 1984 | IC 025 - Clothing-Namely, Coats, Dresses, Blouses, Raincoats, Suits, Skirts, Cardigans, Sweaters, Pants, Jackets, Blazers, and Shoes |
| (CC logo) | 1,314,511 | January 15, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | IC 018 - Leather Goods-namely, Handbags |
| (CC logo) | 1,501,898 | August 30, 1988 | IC 006 – Keychains<br><br>IC 014 - Costume Jewelry<br><br>IC 016 - Gift Wrapping Paper<br><br>IC 025 -Blouses, Shoes, Belts, Scarves, Jackets, Men's Ties<br><br>IC 026 – Brooches and Buttons for Clothing |
| CHANEL | 1,510,757 | November 1, 1988 | IC 009 – Sunglasses |
| (CC logo) | 1,654,252 | August 20, 1991 | IC 009 – Sunglasses |

FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION

3

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| CHANEL | 1,733,051 | November 17, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business and Credit Card Cases, Change Purses, Tote Bags, Cosmetic Bags Sold Empty, and Garment Bags for Travel |
| ☓ | 1,734,822 | November 24, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |
| J12 | 2,559,772 | April 9, 2002 | IC 014 -Timepieces; namely, Watches, and Parts Thereof |
| ☓ | 3,025,934 | December 13, 2005 | IC 018 – Handbags |
| ☓ | 3,025,936 | December 13, 2005 | IC 009 -Mobile Phone Straps, Eyeglass Frames, Sunglasses<br><br>IC 025 - Gloves, Swimwear<br><br>IC 026 - Hair Accessories namely Barrettes and Pony-Tail Holders |
| CHANEL | 3,133,139 | August 22, 2006 | IC 014 - Jewelry and Watches |

(collectively, the "Chanel Marks");

    (b)    using the Chanel Marks in connection with the sale of any unauthorized goods;

    (c)    using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendants identified on Schedule "A" hereto as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

    (d)    falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

(e) engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants identified on Schedule A are in any way endorsed by, approved by, and/or associated with Plaintiff;

(f) using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants identified on Schedule A, including, without limitation, handbags, wallets, shoes, boots, sunglasses, scarves, tee shirts, watches, costume jewelry, including necklaces, bracelets, earrings, brooches, and rings;

(g) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by the Defendants identified on Schedule A as being those of Plaintiff or in any way endorsed by Plaintiff;

(h) otherwise unfairly competing with Plaintiff;

(i) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above; and

(j) using the Chanel Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by the Defendants identified on Schedule A.

(2) Additional Equitable Relief:

(a) In order to give practical effect to the Permanent Injunction, the Subject Domain Names are hereby ordered to be immediately transferred by Defendants, their assignees and/or successors in interest or title, and the Registrars to Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the domain names to Plaintiff's control within five (5) days of receipt of this judgment, the Registries shall, within thirty (30) days, change the Registrar of Record for the Subject Domain Names to a Registrar of Plaintiff's choosing, and that Registrar shall transfer the Subject Domain Names to Plaintiff;

(b) Upon Plaintiff's request, the top level domain (TLD) Registry for each of the Subject Domain Names, within thirty (30) days of receipt of this Order, shall place the Subject Domain Names on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained

by the Registries which link the Subject Domain Names to the IP addresses where the associated websites are hosted; and

(c) Upon Plaintiff's request, the Internet Corporation for Assigned Names and Numbers ("ICANN") shall ensure that the top level domain Registries responsible for the Subject Domain Names transfer, change the Registrar of Record, and/or disable the Subject Domain Names.

(3) The bond posted by Plaintiff in the amount of $20,000.00 is ordered to be released by the Clerk.

(4) The Internet Registries for the domain names listed on the Schedule A attached to the Notice of Voluntary Dismissal Without Prejudice of Defendants 870-1016 (e-docket 163) and the domain names listed on the Schedule A attached to the Notice of Voluntary Dismissal Without Prejudice of Defendants 399, 449, 469, 475, 517, 563, 571, 748, 1051, 1068, 1070, 1071, 1074, 1084, 1086, 1093, 1094, 1095, 1099, 1100, 1110, 1132, 1142, 1154, 1185, 1188, 1193, 1199, 1201, 1210, 1220, 1224, 1232, 1233, 1234, 1235, 1236, 1241, 1249, 1261, 1294, and 1305 (e-docket 171) shall revert the Registrars of Record of those domain names to the Defendants' Registrars at the time the Registrars of Record were updated pursuant to the Temporary Restraining Orders entered in this matter.

(5) This Case is **CLOSED**, and all pending motions are **DENIED** as **MOOT**.

IT IS SO ORDERED.

DATED: June 17, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE